IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| INNOVATIVE WIRELESS SOLUTIONS, LLC, | § § § | Civil Case No. |
| Plaintiff, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| LUXURY HOSPITALITY, INC., | § § § § | |
| Defendant. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Innovative Wireless Solutions, LLC, by way of its Complaint for Patent Infringement ("Complaint") against Defendant Luxury Hospitality, Inc., alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2.  Plaintiff Innovative Wireless Solutions, LLC ("IWS") is a Texas limited liability company with a place of business at 555 Republic Drive, Suite 200, Plano, Texas 75074.

3.  On information and belief, Defendant Luxury Hospitality, Inc. is a corporation organized under the laws of the State of Texas. On information and belief Luxury Hospitality, Inc. has a place of business at 104 N. LHS Dr., Lumberton, Texas 77657. On information and belief, Defendant Luxury Hospitality, Inc. owns and operates multiple lodging facilities within this District.

-

4. Defendant Luxury Hospitality, Inc. will be referred to herein as "Luxury" or "Defendant."

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

7. On information and belief, Defendant is subject to the jurisdiction of this Court by reason of its acts of patent infringement which have been committed in this Judicial District, and by virtue of its regularly conducted and systematic business contacts in this State.  Further, Defendant has operated infringing wireless networks in the forum which are at least used in and/or accessible at Defendant's locations in this forum.  On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including business related to the infringements alleged herein.  Further, on information and belief, Defendant is subject to the Court's general jurisdiction as a result of its activities in the forum, including, regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.  As such, Defendant has purposefully availed itself of the privilege of conducting business within this Judicial District; has established sufficient minimum contacts with this Judicial District such that it should reasonably and fairly anticipate being haled into court in this Judicial District; has purposefully directed activities at residents of this State; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

8. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(c) and 1400(b).

## THE PATENTS-IN-SUIT

9. The allegations set forth in the foregoing paragraphs 1 through 8 are hereby realleged and incorporated herein by reference.

10. On June 15, 1999, U.S. Patent Number 5,912,895 (the "'895 Patent"), entitled "Information network access apparatus and methods for communicating information packets via telephone lines," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '895 Patent is attached as Exhibit A to this Complaint.

11. On December 4, 2001, U.S. Patent Number 6,327,264 (the "'264 Patent"), entitled "Information network access apparatus and methods for communicating information packets via telephone lines," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '264 Patent is attached as Exhibit B to this Complaint.

12. On July 1, 2003, U.S. Patent Number 6,587,473 (the "'473 Patent"), entitled "Information network access apparatus and methods for communicating information packets via telephone lines," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '473 Patent is attached as Exhibit C to this Complaint.

13. IWS is the assignee and owner of the right, title and interest in and to the '895, '264 and '473 Patents (henceforth collectively the "patents-in-suit") including the right to assert all causes of action arising under said patents and the right to any remedies for infringement.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,912,895

14. The allegations set forth in the foregoing paragraphs 1 through 13 are hereby realleged and incorporated herein by reference.

15. IWS provided actual notice to Defendant of its infringement of the '895 Patent in its letter dated April 10, 2013 from IWS to Defendant. In this letter, IWS informed Defendant that it was infringing the '895 Patent by making, using, offering to sell, and selling the use of an

IEEE 802.11 wireless network that includes a wireless access point ("WAP") connected to an Ethernet network (collectively, "wireless Internet access"). IWS's letter further informed Defendant that its wireless network satisfied all of the limitations of at least claim 48 of the '895 patent in at least the following manner:

    a.    The WAP in the Defendant's WiFi network provides communication with a CSMA/CD network (an Ethernet network) via a bidirectional communications path (an 802.11 wireless path).

    b.    The WAP is located at a first end of the 802.11 wireless path and includes an Ethernet interface to an Ethernet network. Ethernet is a CSMA/CD technology. The WAP includes a buffer for buffering information packets received from the Ethernet network via the Ethernet interface for supply to the 802.11 wireless path. The WAP also includes a buffer for buffering information packets received from the 802.11 wireless path for supply to the Ethernet network via the Ethernet interface. The WAP also includes a controller that implements the medium access control ("MAC") protocol as defined in IEEE 802.11.

    c.    A wireless station is connected at a second end of the 802.11 wireless path. The wireless station includes a buffer for buffering information packets received from the 802.11 wireless path, a buffer for buffering information packets to be supplied to the 802.11 wireless path, and a MAC controller.

    d.    The MAC controller in the WAP and the MAC controller in the wireless station are arranged to exchange control information over the 802.11 wireless path so as to allow information packets to be communicated bi-directionally over the 802.11

wireless path between the buffers of the WAP and the wireless station in a half-duplex manner.

16. IWS's letter further informed Defendant that it was inducing infringement of the '895 Patent by offering wireless Internet access, advertising that wireless Internet access, and encouraging others to use that wireless Internet access. IWS's letter also informed Defendant that it was contributing to infringement of the '895 Patent by providing wireless Internet access because its wireless network constitutes a material part of the invention, was especially made or especially adapted for use in an infringement of the '895 Patent, and has no substantial non-infringing uses. The letter explained that the Defendant's wireless network constitutes a material part of the claimed invention at least because it contains the components that interface the wireless network to an Ethernet network and provide control information to the wireless devices as claimed in the '895 Patent. The letter also explained that the Defendant's wireless network was made or especially adapted for use in an infringement of the '895 Patent and has no substantial non-infringing uses at least because it contains components whose only purpose is to interface the wireless network to an Ethernet network and to provide control information to the wireless devices as claimed in the '895 Patent. With respect to both induced infringement and contributory infringement, IWS's letter informed Defendant that the direct infringers were its guests, customers and end users.

17. Defendant has had actual knowledge of the '895 Patent and its infringement of that patent since at least the date that Defendant received the April 10, 2013 notice letter from IWS.

18. In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '895 Patent by

making, using, offering to sell, and selling the use of wireless networks, including an IEEE 802.11 wireless network that includes a wireless access point coupled to an Ethernet network.

19. Upon information and belief, Defendant has induced and continues to induce others to infringe the '895 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to, the Defendant's customers and guests whose connection of wireless devices to the Defendant's wireless networks and use of the Defendant's wireless networks constitutes direct infringement of at least claim 48 of the '895 Patent. In particular, the Defendant's actions that aid and abet others such as its customers and guests to infringe include offering wireless Internet access, advertising that wireless Internet access, and encouraging others to use that wireless Internet access. On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '895 Patent and that its acts were inducing its customers and guests to infringe the '895 Patent since at least the date they received the notice letter from IWS notifying Defendant that its wireless networks infringed the '895 Patent.

20. Upon information and belief, Defendant has committed and continues to commit acts of contributory infringement of the '895 Patent under 35 U.S.C. § 271(c) by offering to sell and selling the use of its wireless networks to others, including its customers and guests, while knowing or willfully blind to the fact that that these products constitute a material part of the invention, were especially made or especially adapted for use in an infringement of the '895 Patent, and have no substantial non-infringing uses. The Defendant's wireless networks constitute a material part of the invention at least because they contain the components that interface the wireless network to an Ethernet network and provide control information to the

wireless devices as claimed in the '895 Patent.  Defendant's wireless networks were especially made or especially adapted for use in an infringement of the '895 Patent and have no substantial non-infringing uses at least because they contain components whose only purpose is to interface the Defendant's wireless networks to an Ethernet network and to provide control information to the wireless devices as claimed in the '895 Patent.  Defendant's customers and guests directly infringe at least claim 48 of the '895 Patent by connecting its wireless device to the Defendant's wireless networks.  Defendant has known or remained willfully blind to these facts since at least the date it received the notice letter from IWS notifying Defendant that the use of its wireless networks infringed the '895 Patent.

21.    IWS has been harmed by the Defendant's infringing activities.

22.    IWS notified Defendant of its infringement of the '895 Patent including an identification of the particular infringing product and features, but Defendant thereafter continued to infringe the '895 Patent by continuing the activities described in Paragraph 15-16.  On information and belief, Defendant has not obtained an opinion of counsel regarding the claims of '895 Patent.  The Defendant's continued infringement has therefore been in reckless disregard of IWS's patent rights.  On information and belief, the Defendant's infringement has been and continues to be willful.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,327,264

23.    The allegations set forth in the foregoing paragraphs 1 through 22 are hereby realleged and incorporated herein by reference.

24.    IWS provided actual notice to Defendant of its infringement of the '264 Patent in its letter dated April 10, 2013 from IWS to Defendant.  In this letter, IWS informed Defendant that it was infringing the '264 Patent by making, using, offering to sell, and selling the use of an IEEE 802.11 wireless network that includes a wireless access point connected to an Ethernet

7

network.  IWS's letter further informed Defendant that its wireless network satisfied all of the limitations of at least claim 5 of the '264 patent in at least the following manner:

    a.    The WAP in the Defendant's WiFi network allows wireless devices to connect to a network.

    b.    The WAP includes an Ethernet interface for coupling to an Ethernet network.  Ethernet is a CSMA/CD technology.

    c.    The WAP includes an 802.11 interface for coupling to the 802.11 wireless network which provides a wireless bidirectional communications path.

    d.    The WAP includes a controller that implements the medium access control ("MAC") protocol as defined in IEEE 802.11.  In accordance with the MAC protocol, the controller provides information that controls when wireless devices connected to the network are allowed to transmit, thereby causing the communications over the wireless network to occur in a half-duplex manner.

    e.    The WAP includes a first buffer that holds frames received from the Ethernet network via the Ethernet interface and then supplies those frames via the 802.11 interface to the wireless network.

    f.    The WAP includes a second buffer that holds frames received from the wireless network via the 802.11 interface and then supplies those frames via the Ethernet interface to the Ethernet network.

25.    IWS's letter further informed Defendant that it was inducing infringement of the '264 Patent by offering wireless Internet access, advertising that wireless Internet access, and encouraging others to use that wireless Internet access.  With respect to induced infringement,

IWS's letter informed Defendant that the direct infringers were its guests, customers and end users.

26. Defendant has had actual knowledge of the '264 Patent and its infringement of that patent since at least the date that Defendant received the April 10, 2013 notice letter from IWS.

27. In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '264 Patent by making, using, offering to sell, and selling the use of wireless networks, including an IEEE 802.11 wireless network that includes a wireless access point coupled to an Ethernet network.

28. Upon information and belief, Defendant has induced and continues to induce others to infringe the '264 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to, the Defendant's customers and guests whose use of the Defendant's wireless networks constitutes direct infringement of at least claim 5 of the '264 Patent.  In particular, the Defendant's actions that aid and abet others such as its customers and guests to infringe include offering wireless Internet access, advertising that wireless Internet access, and encouraging others to use that wireless Internet access.  On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '264 Patent and that its acts were inducing its customers and guests to infringe the '264 Patent since at least the date it received the notice letter from IWS notifying Defendant that its wireless networks infringed the '264 Patent.

29. IWS has been harmed by the Defendant's infringing activities.

30. IWS notified Defendant of its infringement of the '264 Patent including an identification of the particular infringing product and features, but Defendant thereafter continued to infringe the '264 Patent by continuing the activities described in Paragraphs 24-25. On information and belief, Defendant has not obtained an opinion of counsel regarding the claims of '264 Patent.  The Defendant's continued infringement has therefore been in reckless disregard of IWS's patent rights.  On information and belief, the Defendant's infringement has been and continues to be willful.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 6,587,473**

31. The allegations set forth in the foregoing paragraphs 1 through 30 are hereby realleged and incorporated herein by reference.

32. IWS provided actual notice to Defendant of its infringement of the '473 Patent in its letter dated April 10, 2013 from IWS to Defendant.  In this letter, IWS informed Defendant that it was infringing the '473 Patent through the use of its IEEE 802.11 wireless network. IWS's letter further informed Defendant that it was infringing at least claim 40 of the '473 Patent by performing each of the steps of that claim in at least the following manner:

   a. The WAP in the Defendant's WiFi network provides communication between a CSMA/CD network (an Ethernet network) and a bidirectional communications path (an 802.11 wireless network).

   b. The WAP includes an Ethernet interface that contains an Ethernet modem that receives information packets from an Ethernet network.

   c. The WAP transmits the information packets over the 802.11 wireless path in a direction towards a mobile station.

   d. The WAP includes a controller that implements the medium access control ("MAC") protocol as defined in IEEE 802.11.  In accordance with the MAC protocol, the

controller provides information that controls when wireless devices connected to the network are allowed to transmit, thereby causing the communications over the wireless network to occur in a half-duplex manner.

e. The WAP receives information corresponding to information packets from the 802.11 wireless path at the Ethernet modem and transmits those information packets over the Ethernet network.

33. IWS's letter further informed Defendant that it was inducing infringement of the '473 Patent by offering wireless Internet access, advertising that wireless Internet access, and encouraging others to use that wireless Internet access. IWS's letter also informed Defendant that it was contributing to infringement of the '473 Patent by providing wireless Internet access because its wireless network constitutes a material part of the invention, was especially made or especially adapted for use in an infringement of the '473 Patent, and has no substantial non-infringing uses. The letter explained that the Defendant's wireless network constitutes a material part of the claimed invention at least because it contains the components that interface the wireless network to an Ethernet network and provide control information to the wireless devices as claimed in the '473 Patent. The letter also explained that the Defendant's wireless network was made or especially adapted for use in an infringement of the '473 Patent and has no substantial non-infringing uses at least because it contains components whose only purpose is to interface the wireless network to an Ethernet network and to provide control information to the wireless devices as claimed in the '473 Patent. With respect to both induced infringement and contributory infringement, IWS's letter informed Defendant that the direct infringers were its guests, customers and end users.

34. Defendant has had actual knowledge of the '473 Patent and its infringement of that patent since at least the date that Defendant received the April 10, 2013 notice letter from IWS.

35. In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '473 Patent by using wireless networks, including an IEEE 802.11 wireless network that includes a wireless access point coupled to an Ethernet network.

36. Upon information and belief, Defendant has induced and continues to induce others to infringe the '473 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to, the Defendant's customers and guests whose connection of wireless devices to the Defendant's wireless networks and use of the Defendant's wireless networks constitutes direct infringement of at least claim 40 of the '473 Patent.  In particular, the Defendant's actions that aid and abet others such as its customers and guests to infringe include offering wireless Internet access, advertising that wireless Internet access, and encouraging others to use that wireless Internet access.  On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '473 Patent and that its acts were inducing its customers and guests to infringe the '473 Patent since at least the date they received the notice letter from IWS notifying Defendant that its wireless networks infringed the '473 Patent.

37. Upon information and belief, Defendant has committed and continues to commit acts of contributory infringement of the '473 Patent under 35 U.S.C. § 271(c) by offering to sell and selling the use of its wireless networks to others, including its customers and guests, while

knowing or willfully blind to the fact that that these products constitute a material part of the invention, were especially made or especially adapted for use in an infringement of the '473 Patent, and have no substantial non-infringing uses. The Defendant's wireless networks constitute a material part of the claimed invention at least because they contain the components that interface the wireless network to an Ethernet network and provide control information to the wireless devices as claimed in the '473 Patent. The Defendant's wireless networks were especially made or especially adapted for use in an infringement of the '473 Patent and have no substantial non-infringing uses at least because they contain components whose only purpose is to interface the Defendant's wireless networks to an Ethernet network and to provide control information to the wireless devices as claimed in the '473 Patent. Defendant's customers and guests directly infringe at least claim 40 of the '473 Patent by connecting its wireless devices to the Defendant's wireless network and using that network. Defendant has known or remained willfully blind to these facts since at least the date it received the notice letter from IWS notifying Defendant that the use of its wireless networks infringed the '473 Patent.

38.     IWS has been harmed by the Defendant's infringing activities.

39.     IWS notified Defendant of its infringement of the '473 Patent including an identification of the particular infringing product and features, but Defendant thereafter continued to infringe the '473 Patent by continuing the activities described in Paragraphs 32-33 above. On information and belief, Defendant has not obtained an opinion of counsel regarding the claims of '473 Patent. The Defendant's continued infringement has therefore been in reckless disregard of IWS's patent rights. On information and belief, the Defendant's infringement has been and continues to be willful.

## JURY DEMAND

40.     IWS demands a jury trial on all issues and claims so triable.

13

## **PRAYER FOR RELIEF**

**WHEREFORE,** IWS prays for judgment as follows:

a. An adjudication that Defendant has infringed one of more claims of each of the patents-in-suit;

b. An award of damages to be paid by Defendant adequate to compensate IWS for past infringement of the patents-in-suit, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

c. An order that Defendant must pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

d. An award of treble damages under 35 U.S.C. § 284;

e. A declaration finding this to be an exceptional case, and awarding IWS attorney fees under 35 U.S.C. §285; and

f. For such further relief at law and in equity as the Court may deem just and proper.

                                  Respectfully submitted,

Dated: April 24, 2013                    GILLAM & SMITH, L.L.P.

                                  */s/ Melissa Richards Smith*
                                  Melissa Richards Smith
                                  SBN 24001351
                                  E-mail: melissa@gillamsmithlaw.com
                                  Harry L. Gillam, Jr.
                                  SBN 07921800
                                  Email: gil@gillamsmithlaw.com
                                  William R. Lamb
                                  SBN 24080997
                                  Email: wrlamb@gillamsmithlaw.com
                                  303 South Washington Avenue
                                  Marshall, Texas 75670
                                  Phone: (903) 934-8450
                                  Facsimile: (903) 934-9257

                                  *Attorneys for Plaintiff*
                                  *Innovative Wireless Solutions, LLC*